UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TIMOTHY W. COFFELL,

    Plaintiff,

v.                                         Case No. 5:20cv109-TKW-HTC

WASHINGTON COUNTY FLORIDA,
SHERIFF BOBBY HADDOCK,
DEPUTY SHERIFF JEREMY PELFREY,
DEPUTY SHERIFF JASON COOK,
ASSISTANT PROSECUTING ATTORNEY SHALA JEFFCOAT,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff Timothy W. Coffell, a prisoner proceeding *pro se*, initiated this action by filing a civil complaint seeking to allege claims under 42 U.S.C. § 1983[1] (ECF Doc. 1) and a motion to proceed *in forma pauperis* (ECF Doc. 2). The matter was referred to the undersigned Magistrate Judge for preliminary screening and report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). For the reasons set forth below, the undersigned recommends the case be

---

[1] The complaint sought to assert claims for false arrest against five (5) defendants: Washington County, the Sheriff, two deputy sheriffs, and the assistant prosecuting attorney.

dismissed for Plaintiff's failure to: prosecute, file a complete motion to proceed *in forma pauperis* or pay the requisite filing fee, comply with orders of the Court, and keep the Court apprised of his address.

The complaint was dated January 29, 2020, the motion was dated January 30, 2020, but neither contained a visible received stamp by prison mail officials. The Court did not receive the document and docket it until April 6, 2020. The envelope in which they were sent, a copy of which is attached to ECF Doc. 1, shows that the documents were sent to Panama City by Plaintiff and redelivered to Pensacola, perhaps explaining the delay.

Upon initial review of the complaint and motion, the Court noted that the motion to proceed *in forma pauperis* lacked a completed prisoner consent form, a financial certificate signed by the proper prison official, and a statement of his inmate account for the six months preceding the filing of his complaint. Without this information, the Court could not reasonably determine Coffell's indigency status. Coffell stated in his motion – dated January 30, 2020 -- that he is waiting to receive the financial certificate from prison authorities, and "[a]s soon as I get the certificate back, it will be sent." ECF Doc. 2 at 3.

By April 28, 2020, Coffell still had not filed the required parts of the *in forma pauperis* motion. As a result, on that date, the Court entered an order denying without prejudice Plaintiff's motion to proceed *in forma pauperis*. *Id.* The Court

additionally directed the clerk to send Plaintiff a complete set of forms for filing a motion to proceed *in forma pauperis*, and ordered Plaintiff to show cause within fourteen (14) days as to why his case should not be dismissed for failing to timely file a complete motion to proceed *in forma pauperis* application or pay the $400.00 filing fee. *Id.* Plaintiff did not comply with the April 28 Order within the allotted time. Indeed, the April 28 Order to Show Cause was returned as undeliverable and could not be forwarded. ECF Doc. 5. Coffell has an obligation to notify the Court of any changes of address and, to date, has not done so.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case *sua sponte*" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See Ciosek v. Ashley*, No. 3:13cv147/RV/CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs." *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962)). Because Plaintiff did not comply with this Court's orders, has not kept the Court apprised of his address, has failed to submit a completed *in forma pauperis* motion or pay the filing fee, and has failed to prosecute

Case No. 5:20cv109-TKW-HTC

this case, dismissal is now appropriate. Thus, the undersigned recommends that this case be dismissed without prejudice.

Accordingly, it is RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE due to Plaintiff's failure to prosecute and comply with a Court order, failure to keep the Court apprised of his mailing address, and failure to file a complete *in forma pauperis* application or pay the filing fee.

2. That the clerk close the file.

DONE AND ORDERED this 1st day of June, 2020.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. A copy of objections shall be served upon the Magistrate Judge and all other parties. A party failing to object to a Magistrate Judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.

Case No. 5:20cv109-TKW-HTC